TROY v. The SPEEDWELL. See Case No. 10,252.

TROY & W. T. BRIDGE CO. (SILLIMAN v.). See Case No. 12,853.

---

## Case No. 14,194.

### TROY CITY BANK v. LAUMAN.[1]

Circuit Court, E. D. Pennsylvania.    May 1, 1857.

SUIT ON FOREIGN JUDGMENT — PENDENCY OF APPEAL IN ORIGINAL SUIT—EFFECT.

1. The pendency of an appeal from a judgment in another forum, in a suit on which judgment has been obtained, will afford sufficient ground for a stay of proceedings when the appeal is a supersedeas in the case of the original judgment.

2. Execution on a judgment obtained in a suit on a judgment obtained in another forum will not be stayed, on account of an appeal proceeding, which is not a supersedeas, having been sued out thereto in the forum of the original judgment.

At law. On motion to stay execution and proceedings on fi. fa. until the determination of the appeal proceedings in New York. Suit by the president and directors of Troy City Bank, a corporation of the state of New York, against John C. Lauman, John O. Rockafellow, and James Moore, Jr., of state of Pennsylvania, on a judgment obtained in the superior court of Buffalo, N. Y., on which appeal proceedings had been taken to the court of appeals of that state.

Edward Ingersoll, for plaintiff.
Garrick Mallory, for defendants.

Before GRIER, Circuit Justice, and KANE, District Judge.

GRIER, Circuit Justice. The plaintiff in this case has recovered a judgment against defendant and issued his execution, and defendant now moves for a stay of execution on the following grounds: The suit in this case is brought on a judgment obtained in the superior court of Buffalo, N. Y. The defendant in this court, among other things, pleaded the pendency of a writ of error to the supreme court of New York. That plea was overruled by this court as insufficient, and the plaintiff had judgment at the present term. The original judgment in New York has been affirmed in the supreme court during the pendency of this suit here. But the defendant has taken an appeal to the court of appeals, the court of last resort in that state. If this writ of error to the supreme court had been a supersedeas, and no execution could have been issued on the original judgment in the superior court, this, though not a good plea to the action on the judgment here, would have afforded sufficient ground for a motion to stay proceedings on the judgment here during the pendency of such writ of error. But it is admitted that neither the writ of error to the supreme court nor the appeal to the court of appeals is a supersedeas to execution on the judgment in New York. Without referring to the constitution and act of congress as to the credit and effect to be given to the judgment of one state in another, we may say, in short, that the same rule will apply to an action on such a judgment as to an action on a domestic judgment. One who has a judgment in any of the courts of record in England may bring an action on his judgment, and the pendency of a writ of error, though not a good plea in bar, will be a sufficient reason for suspending execution on the last judgment, because the writ of error is a supersedeas of execution on the original judgment, and the court will not permit the plaintiff to have execution on the later judgment when he could not have it on the original. See Falkner v. Franklin Ins. Co., 1 Phila. 183; Christie v. Richardson, 3 Term R. 78; Benwell v. Black, Id. 643. I can find no authority for restraining process of execution on the last judgment, when the plaintiff has a right to it on the original. If the defendant had given the requisite security in New York in order to obtain a supersedeas or stay of execution, he would have been entitled to the same stay here. As the reason for granting the stay of execution on the last judgment does not exist in this case, the motion must necessarily fail.

It is contended that it would be a great hardship in case the judgment should be reversed in New York, and, consequently, restitution of the money levied here awarded to defendant, that he should be thus compelled to sue the plaintiff in another state on our judgment in order to obtain restitution; but, though the result is possible, it is the necessary consequence of a judgment of a court of law, which is, prima facie, presumed to be just and right, and if the defendant would avoid the hardship he should give the required security in order to make his writ of error or appeal a supersedeas. Otherwise, he might have it in his power to baffle a plaintiff's recovery for years. Suppose the plaintiff's original cause of action had been sued in this court, and the first judgment obtained here, and defendants had taken out a writ of error to the supreme court of the United States, without giving security so as to make its writ of error a supersedeas; would not the plaintiff have a right to take out execution and collect his money, subject, only, to a decree of restitution in case his judgment should be reversed? Yet the hardship would be precisely the same to the defendants, and the remedy the same as in the present case. If the defendants will enter security for the debt, they will be entitled to execution by the laws of the forum. The courts of the United States, administering the laws of the state, conform their remedies to those granted by those laws to their own citizens. In states where judgments are a lien upon land in the state

---

[1] [Not previously reported.]

courts, the plaintiff in suits in the United States courts can have the same privilege. And so, where defendants have a privilege of a certain stay of execution by giving security for the debt, the same will be awarded to them in the courts of the United States, except in cases where the state legislation interferes so far with the remedy and the contract in the manner to destroy the obligation altogether. The motion of defendant's counsel for a stay of execution is therefore overruled.